Related DOJ    FILED    FEE PAID LP
2023 MAY -3 PM 2:29
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

ZHOIE PEREZ
14926 TEMPLAR DRIVE
LA MIRADA, CA 90638
657-239-6005

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOIE PEREZ,<br><br>         Plaintiff,<br><br>vs.<br><br>SUG KAHG, TIMOTHY KWAN-UNG PARK, GLORY CHURCH OF JESUS CHRIST, ALL NATIONS PRIVATE SECURITY, INC.<br><br>         Defendants | Case No.:<br><br>**CV23-3377-SVW(AS)**<br><br>**COMPLAINT** |

COMES NOW, Plaintiff ZHOIE PEREZ, an individual, who complains and alleges against the Defendants, SUG KAHG as an individual, TIMOTHY KWAN-UNG PARK as an individual, GLORY CHURCH OF JESUS CHRIST a California business entity, ALL NATIONS PRIVATE SECURITY, INC. a California business entity, and each of them, Inclusive (hereinafter collectively referred to as "Defendants"), the following:

1.      Plaintiff ZHOIE PEREZ (hereinafter "Plaintiff"/"Ms. Perez") is, and at all times relevant herein was, a resident in the County of Los Angeles, California.

2.      Plaintiff is informed and believes, and thereon alleges, that Glory Church Of Jesus Christ is, and at all times, was a California Corporation, which has regularly done and is doing business in the State of California.

**COMPLAINT PAGE 1**

3. Plaintiff is informed and believes, and thereon alleges, that All Nations Private Security, Inc. is, and at all times, was a California Corporation, which has regularly done and is doing business in the State of California.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant SUG KAHG is and, at all relevant times, was an individual residing in the County of Los Angeles, in the State of California. Plaintiff is further informed and believes that Defendant SUG KAHG committed the acts of wrongdoing alleged herein within the course and scope of his employment, agency, ostensible agency, and/or joint venture with Defendants Glory Church Of Jesus Christ and All Nations Private Security, Inc. and, without limitation, at their direction and/or that his acts and/or omissions were subsequently ratified by them.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Timothy Kwan-Ung Park is and, at all relevant times, was an individual residing in the County of Los Angeles, in the State of California. Plaintiff is further informed and believes that Defendant Timothy Kwan-Ung Park committed the acts of wrongdoing alleged herein within the course and scope of his employment, agency, ostensible agency, and/or joint venture with Defendants Glory Church Of Jesus Christ and All Nations Private Security, Inc. and, without limitation, at their direction and/or that his acts and/or omissions were subsequently ratified by them.

**COMPLAINT PAGE 2**

## JURISDICTION AND VENUE

6. The acts which are the subject of this Complaint took place at or near 1801 S. Grand Avenue, in the County of Los Angeles, California.

7. This Court has jurisdiction because the alleged acts and omissions giving rise to the allegations contained herein occurred in the County of Los Angeles and the Defendants either live in or conduct business in the State of California, County of Los Angeles.

8. Venue is proper in this County in accordance California *Code of Civil Procedure* because the obligation or liability arose in this County and breaches occurred in this County.

## GENERAL ALLEGATIONS

9. At all times relevant herein, Plaintiff, a Transgender woman of color, who was, at the time, 48 years old, was injured by the Defendants SUG KAHG and TIMOTHY KWAN-UNG PARK while in the course and scope of their employment, agency, ostensible agency, and/or joint venture as an employee of either GLORY CHURCH OF JESUS CHRIST and/or ALL NATIONS PRIVATE SECURITY, INC. Based on information and belief, Defendant SUG KAHG was a security guard located at the location in question and TIMOTHY KWAN-UNG PARK was the Pastor at the location in question.

10. On 10-31-2021 at about 8:50 a.m., Plaintiff had stopped by the Glory Church of Jesus Christ located at 1801 S. Grand Ave., Los Angeles, CA 90015.

**COMPLAINT PAGE 3**

As part of a journalism piece on religious organizations not adhering to the County wide Covid mandates, Plaintiff approached the church via the sidewalk (at no time during this day did the Plaintiff step onto the property of the church) with her filming equipment that she regularly uses within the scope of her work as a journalist.

11. After filming around the location for approximately thirteen minutes the security guard SUG KAHG approached the Plaintiff speaking Korean and 30 seconds from that time the KAHG hit the Plaintiffs camera equipment with the temperature gun he was holding. KAHG then started walking and throwing punches (missing me) which had forced me to move back in defense approximately 20 feet. I finally stopped and that is when KAHG physically hit the Plaintiffs person and proceeded to grab the camera equipment, in defense the Plaintiff hit KAHG once, KAHG then proceeded to continue to assault the Plaintiff physically while yelling in Korean forcing the Plaintiff backwards an approximate 10 feet.

12. After this round of assault KAHG walks back to the front gate of the church. The Plaintiff does as well, as that is where She was gathering the footage for her news story. While at the entrance a congregant in a minivan pulls in and the KAHG speaks to her in Korean and she exits the vehicle, takes pictures of the Plaintiff and proceeds to call the police. KAHG, here assaults me two more times to the point where the congregant that called the police got in between the two of us. KAHG continually flips me off, at least three times here.

13. After getting tired of being abused (approximately three minutes later) the Plaintiff started to walk towards the other side of the church to get some footage from that area and away from the abusive security guard. The congregant and KAHG started following the Plaintiff and started yelling at her in Korean.

**COMPLAINT PAGE 4**

14. After reaching the other side of the church the congregant and KAHG followed me to that location as well, so after a couple minutes I started to walk back to the main entrance, and they gave chase yet again.

15. At the main entrance, KAHG grabbed at and made contact with the Plaintiff's camera equipment two more times and continued to flip the Plaintiff off afterward.

16. Approximately one minute after this incident, TIMOTHY KWAN-UNG PARK comes to the Plaintiff's location and tells her that she cannot record and that he, TIMOTHY KWAN-UNG PARK, will take the camera equipment away from her. After these statements were made, the three (TIMOTHY KWAN-UNG PARK, SUG KAHG and the female congregant) huddled together and started speaking Korean for about one minute. TIMOTHY KWAN-UNG PARK then turned back to the Plaintiff and told her to stop recording, then told the female congregant to start to film the Plaintiff. Shortly after TIMOTHY KWAN-UNG PARK grabs at the Plaintiffs camera equipment twice, missing both times. So, Timothy grabs the Plaintiffs wrist. The Plaintiff pulls away and pushes Timothy away with the hand that Timothy grabbed. The Plaintiff then starts to back peddle to create some distance from the aggressors. At this point, both Timothy and Sug are yelling at the Plaintiff and violently approaching her, grabbing and swatting at her as well. After the Plaintiff had been pushed backwards approximately twenty to twenty-five feet, Sug grabs ahold of the Plaintiffs chest harness that was holing one of the many cameras recording this incident, while Timothy was grabbing the handheld camera. At this point the plaintiff pulls out her pepper spray and shoots a one second blast at SUG KAHG and hits him in his left eye.

**COMPLAINT PAGE 5**

17. At this point both Defendants stop as the Plaintiff takes a few more steps backward to again create a comfortable safe distance. Defendant KAHG then drops to a seated position on the sidewalk rubbing the affected area. Approximately two minutes later Timothy leaves to go back to the church property. The plaintiff then, out of sympathy throws a "Decontamination Wipe" to KAHG, so that he could wipe away the pepper spray and stop the pain from the spray. This is when Defendant Timothy returns with his cell phone to record the spray on Defendant and to record the Plaintiff as well. KAHG opens the wipe, cleans himself, gets up and everyone returns to the main entrance of the church.

18. After getting to the main entrance the Defendants go way into the parking lot of the church. The Plaintiff waited just outside the entrance on the sidewalk for the police to arrive. The police arrived approximately five minutes. The police started to take statements from everyone involved. Approximately fifteen minutes later the police took me into custody, stopping my cameras and getting my State Identification card. These actions by the Defendants constituted, without limitation, assault and battery against the Plaintiff and acts and/or threats of violence committed against her in violation of Plaintiff's Constitutional Rights.

19. At all relevant times, Plaintiff remained on the public sidewalk and continued to record with her camera equipment to document the interactions and occurrences unfolding before her. At all times relevant, Plaintiff's lawful recording of her interactions and occurrences described hereinabove while standing on public property was a protected exercise of, without limitations, her free speech rights guaranteed under both California and United States Constitutions.

20. Plaintiff is a journalist documenting her Transgender experience, including without limitation, the treatment and mistreatment of Transgender people by videotaping and broadcasting her experiences as a Transgender female. Plaintiff believes that through the public dissemination of the mistreatment of Transgender people that the community will see the unfair treatment of Transgender people and help to end it.

21. The actions described hereinabove against the Plaintiff by the Defendants were done intentionally and with the intent to injure and threaten the Plaintiff and to deprive her of, without limitation, the exercise of her protected Constitutional Rights as a journalist and public citizen to exist on public property and document her experiences.

22. The entire incident was audio and video recorded by the Plaintiff. Plaintiff is informed and believes that Defendants are also in possession of video and audio documentation of the event. Plaintiff incorporates the audio and video recording of this incident herein by reference.

## FIRST CAUSE OF ACTION FOR ASSAULT AND BATTERY
### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

23. Plaintiff incorporates herein by reference, each and every allegation and statement contained in paragraphs 1-22, *supra*, as if the same had been set forth fully below.

24. Defendants TIMOTHY KWAN-UNG PARK and SUG KAHG and the Owners, individually and as principals, agents, ostensible agents, employees, and/or joint venturers of GLORY CHURCH OF JESUS CHRIST and ALL NATIONS PRIVATE SECURITY, INC., did commit the following acts, described hereinabove and without limitation, that constituted assault upon Plaintiff:

**COMPLAINT PAGE 7**

(1) the Owner's repeated approaches towards the Plaintiff while striking her and her equipment; (2) the Owner chasing the Plaintiff around the facility while the Plaintiff remained on public property; (3) the Owner's Striking, grabbing and assaulting the Plaintiff numerous times putting the Plaintiff in reasonable fear for her safety; (4) the Owners filing fraudulent criminal charges and falsely imprisoning her while violating her Civil Rights.

25. Moreover, Defendants TIMOTHY KWAN-UNG PARK and SUG KAHG and the Owners are responsible for all the acts described hereinabove constituting assault and battery based on aiding and abetting as to the commission of said acts against the Plaintiff.

26. In doing the wrongful acts alleged herein against the Plaintiff, Defendants did so with the intent to make contact and/or offensive contact with Plaintiff's person and/or to place the Plaintiff in apprehension of a harmful or offensive contact.

27. Plaintiff did not at any time consent to any of the wrongful conduct of the Defendants, and each of them.

28. Plaintiff was harmed and offended by Defendants' wrongful conduct described hereinabove.

29. As a direct, legal and proximate cause of the aforementioned conduct of the Defendants, and each of them, Inclusive, Plaintiff suffered injuries to her physical health, strength and activity, and shock to her nervous system, all of which said injuries have caused, and continue to cause her great physical, mental, and nervous pain and suffering. Plaintiff is further informed and believes, and thereon alleges that said injuries may or will result in permanent disability, all to her general damages in an amount that exceeds the minimum jurisdiction of this Court.

30. As a further direct and proximate cause of the aforementioned conduct of Defendants, and each of them, Inclusive, Plaintiff has employed and will have to employ the services of hospitals, nurses, counselors and the like to care for and treat Plaintiff. Hospital, medical, professional, and incidental expenses will be incurred, of which the exact amount will be stated according to proof.

31. As a further direct and proximate cause of the aforementioned conduct of Defendants, and each of them, Inclusive, Plaintiff has incurred and will continue to incur economic losses in an amount to be stated according to proof.

32. The conduct of the Defendants, and each of them, was willful, malicious, oppressive, and/or reckless, and done with the intent to oppress the Plaintiff and with a conscious disregard for Plaintiff's safety and well being. Further, the foregoing intentional acts subjected the Plaintiff to cruel and unjust hardship in conscious disregard of the Plaintiff's rights. As a result of the foregoing, Plaintiff is entitled to punitive damages against Defendants, and each of them, in an amount according to proof.

## SECOND CAUSE OF ACTION FOR NEGLIGENCE

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

33. Plaintiff incorporates herein by reference, each and every allegation and statement contained in paragraphs 1 through 32, *supra,* as if the same had been set forth fully below.

34. Defendants, and each of them, had a duty to exercise ordinary or reasonable care in activities from which harm might reasonably be anticipated.

**COMPLAINT PAGE 9**

35. Defendants, and each of them, failed to use ordinary or reasonable care in their interactions with the Plaintiff and negligently caused the Plaintiff to be assaulted and battered as alleged herein.

36. At all relevant times, TIMOTHY KWAN-UNG PARK and SUG KAHG and the owners were acting within the course and scope of their employment, principal/agency relationship, and/or joint venture with Defendants GLORY CHURCH OF JESUS CHRIST and ALL NATIONS PRIVATE SECURITY, INC.

37. Based on information and belief, Defendants GLORY CHURCH OF JESUS CHRIST and ALL NATIONS PRIVATE SECURITY, INC. and/or the owners failed to use reasonable care in the hiring, supervision, and/or retention of TIMOTHY KWAN-UNG PARK and SUG KAHG. Defendants GLORY CHURCH OF JESUS CHRIST and ALL NATIONS PRIVATE SECURITY, INC. knew or should have known of the animus harbored by TIMOTHY KWAN-UNG PARK and SUG KAHG against Transgender individuals and members of the Press at the time of the incident.

38. As a direct, legal and proximate cause of the aforementioned conduct of Defendants, and each of them, Inclusive, Plaintiff suffered injuries to her physical health, strength and activity, and shock and injury to her nervous system, all of which said injuries have caused, and continue to cause her great physical, mental, and nervous pain and suffering.

Plaintiff is further informed and believes, and hereon alleges that said injuries may or will result in permanent disability, all to her general damages in an amount which will be stated according to proof, but are in an amount that exceeds the minimum jurisdiction of this Court.

**COMPLAINT PAGE 10**

39. As a further direct and proximate cause of the aforementioned conduct of Defendants, and each of them, Inclusive, Plaintiff has employed and will have to employ the services of hospitals, nurses, counselors and the like to care for and treat Plaintiff. Hospital, medical, professional, and incidental expenses will be incurred, of which the exact amount will be stated according to proof.

40. As a further direct and proximate cause of the aforementioned conduct of Defendants, and each of them, Inclusive, Plaintiff has incurred and will continue to incur economic losses in an amount to be stated according to proof.

41. The conduct of the Defendants, and each of them, was willful, malicious, oppressive, and/or reckless, and done with the intent to oppress the Plaintiff and with a conscious disregard for Plaintiff's safety and well being. Further, the foregoing intentional acts subjected the Plaintiff to cruel and unjust hardship in conscious disregard of the Plaintiff's rights. As a result of the foregoing, Plaintiff is entitled to punitive damages against Defendants, and each of them, in an amount according to proof.

### THIRD CAUSE OF ACTION FOR FALSE IMPRISONMENT

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

42. Plaintiff incorporates herein by reference, each and every allegation and statement contained in paragraphs 1 through 41, *supra*, as if the same had been set forth fully below.

43. After Law Enforcement arrived on the scene pursuant to the Defendants call, TIMOTHY KWAN-UNG PARK and SUG KAHG and the Owners intentionally reported, and/or pointed out to Law Enforcement Officers, knowingly, false, and without cause, that the Plaintiff's actions were in violation of law where in fact they were not. Specifically, based on information and belief, TIMOTHY KWAN-UNG PARK and SUG KAHG and the owners made false allegations against the Plaintiff that she had, without cause, assaulted and battered them when they knew, in fact, that the Plaintiff had only acted in self defense after TIMOTHY KWAN-UNG PARK and SUG KAHG physically assaulted and battered her first multiple times.

44. Moreover, when TIMOTHY KWAN-UNG PARK and SUG KAHG communicated with Law Enforcement Officers, they did so within the course and scope of their agency/principal relationship, employment, and/or joint venture with GLORY CHURCH OF JESUS CHRIST and ALL NATIONS PRIVATE SECURITY, INC.

45. As a result of the aforementioned, Law Enforcement effectuated a Private Person's Arrest ("PPA") pursuant to the authorization of TIMOTHY KWAN-UNG PARK and SUG KAHG and/or GLORY CHURCH OF JESUS CHRIST and ALL NATIONS PRIVATE SECURITY, INC.

46. As a result of the Defendants' wrongful conduct, Plaintiff was unlawfully and unreasonably handcuffed, detained, confined, falsely imprisoned, and deprived of her liberty against her will because Law Enforcement personnel were knowingly and falsely informed by

**COMPLAINT PAGE 12**

Defendants TIMOTHY KWAN-UNG PARK and SUG KAHG that the Plaintiff's conduct had been unlawful when, in fact, Defendants knew her conduct, at all times, had been lawful. Plaintiff was charged with violation of Penal Code section 243(A) PC (Battery) related to assault upon a person, in this case the pepper spray the Plaintiff used in self defense to the physical attack upon her by the Defendants, who, at all relevant times was aided and abetted by GLORY CHURCH OF JESUS CHRIST and ALL NATIONS PRIVATE SECURITY, INC.

The District Attorney and the City Attorney did not press charges against the Plaintiff after reviewing the audio and video footage of the entire incident.

47. At no time did the Plaintiff consent to her unlawful and unreasonable detention, confinement, false imprisonment, and/or deprivation of her liberty which was instigated, perpetuated, and carried out by the Defendants.

48. As a direct, legal and proximate cause of the aforementioned conduct of Defendants, and each of them, Inclusive, Plaintiff suffered injuries to her physical health, strength and activity, and shock and injury to her nervous system, all of which said injuries have caused, and continue to cause her great physical, mental, and nervous pain and suffering.

Plaintiff is further informed and believes, and hereon alleges that said injuries may or will result in permanent disability, all to her general damages in an amount which will be stated according to proof, but are in an amount that exceeds the minimum jurisdiction of this Court.

**COMPLAINT PAGE 13**

49. As a further direct and proximate cause of the aforementioned conduct of Defendants, and each of them, Inclusive, Plaintiff has employed and will have to employ the services of hospitals, nurses, counselors and the like to care for and treat Plaintiff. Hospital, medical, professional, and incidental expenses will be incurred, of which the exact amount will be stated according to proof.

50. As a further direct and proximate cause of the aforementioned conduct of Defendants, and each of them, Inclusive, Plaintiff has incurred and will continue to incur economic losses in an amount to be stated according to proof.

51. The conduct of the Defendants, and each of them, was willful, malicious, oppressive, and/or reckless, and done with the intent to oppress the Plaintiff and with a conscious disregard for Plaintiff's safety and well being. Further, the foregoing intentional acts subjected the Plaintiff to cruel and unjust hardship in conscious disregard of the Plaintiff's rights. As a result of the foregoing, Plaintiff is entitled to punitive damages against Defendants, and each of them, in an amount according to proof.

## FOURTH CAUSE OF ACTION FOR FIRST AMENDMENT VIOLATION

## 42 U.S.C. 1983

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

52. Plaintiff incorporates herein by reference, each and every allegation and statement contained in paragraphs 1 through 51, *supra,* as if the same had been set forth fully below.

**COMPLAINT PAGE 14**

53. Plaintiff brings this claim against all Defendants because the Plaintiff's Rights were violated driven by the fact of the Plaintiff exercising her rights to Free Press.

## FIFTH CAUSE OF ACTION FOR FOURTH AMANDMENT VIOLATION

## UNLAWFUL SEARCH AND SEIZURE

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

54. On 10-31-2021, the Defendants lied to Law Enforcement and subsequently had the Plaintiff unlawfully searched to obtain her identity as well as detained and arrested. A clear violation of the Plaintiff's Fourth Amendment Rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ZHOIE PEREZ prays for judgement against all Defendants, and each of them, Inclusive, as follows:

**On Plaintiff's First Cause of Action for Assault and Battery as follows:**

1. For general damages in an amount to be proven at trial;
2. For special damages in an amount to be proven at trial; and
3. For exemplary and punitive damages according to proof at the time of trial.

**On the Plaintiff's Second Cause of Action for Negligence as follows:**

1. For general damages in an amount to be proven at trial;
2. For special damages in an amount to be proven at trial; and
3. For exemplary and punitive damages according to proof at the time of trial.

**On the Plaintiff's Third Cause of Action for False Imprisonment as follows:**

1. For general damages in an amount to be proven at trial;
2. For special damages in an amount to be proven at trial; and
3. For exemplary and punitive damages according to proof at the time of trial.

**On the Plaintiff's Fourth Cause of Action for First Amendment Violations as follows:**

1. For general damages in an amount to be proven at trial;
2. For special damages in an amount to be proven at trial; and
3. For exemplary and punitive damages according to proof at the time of trial.

**On the Plaintiff's Fifth Cause of Action for Fourth Amendment Violations as follows:**

    1.    For general damages in an amount to be proven at trial;

    2.    For special damages in an amount to be proven at trial; and

    3.    For exemplary and punitive damages according to proof at the time of trail.

**As to all Causes of Action:**

    1.    For costs of suit incurred herein;

    2.    For pre-judgement and post-judgement interest as permitted by law;

    3.    For such other and further relief as the Court deems just and proper.

Dated: 04-29-2023

ZHOIE PEREZ

14926 Templar Drive

La Mirada Ca 90638

657-239-6005

**COMPLAINT PAGE 17**

## DEMAND FOR JURY TRIAL

Plaintiff ZHOIE PEREZ hereby demands a trial of all causes by jury.

Dated 04-29-2023

ZHOIE PEREZ

COMPLAINT PAGE 16

COMPLAINT PAGE 18